UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  03/28/2017
```

ROBERT WILLIAMS,

                    Plaintiff,

          -against-

VICTORIA'S SECRET,

                    Defendant.

**ORDER**

15 Civ. 4715 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

  Pro se Plaintiff Robert Williams brings this action, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq.; the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 et seq.; 42 U.S.C. § 1981 ("Section 1981"); the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq.; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. Plaintiff alleges that he was formerly employed by Victoria's Secret Stores, LLC ("VSS"), and that VSS discriminated against him based on his race and age. (See Am. Cmplt. (Dkt. No. 5); Cmplt. (Dkt. No. 2)) Defendant has moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to plead facts sufficient to permit a plausible inference of race or age discrimination. (Dkt. No. 15) In the alternative, Defendant has moved for summary judgment, pursuant to Fed. R. Civ. P. 56, on the ground that Plaintiff was an independent contractor and not an employee of VSS. (Id.)

  On October 20, 2016, this Court referred Defendant's motion to Magistrate Judge Cott for a Report and Recommendation ("R & R"). (Dkt. No. 33) On January 27, 2017, Judge

Cott issued an R & R recommending that Defendant's motion to dismiss be granted.  (Dkt. No. 34)

## BACKGROUND

I.     <u>THE AMENDED COMPLAINT'S ALLEGATIONS</u>[1]

Plaintiff is an African-American male who was 51 years old at the time relevant to the Amended Complaint.  (<u>See</u> Am. Cmplt. (Dkt. No. 5) ¶ 9; Cmplt. (Dkt. No. 2) at 3)[2]  On February 8, 2014, Elite Investigations, Inc. ("Elite") hired Plaintiff as a Security Shift Supervisor, with the "intention of . . . assign[ing] [Plaintiff] to [work at a] Victoria's Secret [store located at 1328 Broadway, New York, New York]."  (<u>Id.</u> at ¶¶ 6, 9)  The next day, on February 9, 2014, Plaintiff interviewed with VSS's Loss Prevention Manager, a man known as "Inron," who is of Middle Eastern descent.  (<u>Id.</u> ¶ 10)  Inron "hired" Plaintiff for the position of Security Shift Supervisor at VSS.  (<u>Id.</u>)  As supervisor, Plaintiff oversaw other security officers assigned by Elite to VSS.  (<u>Id.</u> ¶¶ 10-11)

Plaintiff complains that he was not assigned "adequate office space" at the VSS store, and was told to use the breakroom "during downtime."  (<u>Id.</u> ¶¶ 12, 14)  Plaintiff also asserts that he "was the only individual in leadership who [did not have] adequate office space or [a] cubicle" at the store.  (<u>Id.</u> ¶ 13)  Plaintiff further alleges that in March 2014 Inron instructed him to avoid showing any "pattern of security protocol[,] in an ongoing effort to prevent employee and/or customer theft."  (<u>Id.</u> ¶ 17)  According to Plaintiff, this is a "standard [strategy]

_____

[1] The Court's factual statement is drawn from the Amended Complaint (Dkt. No. 5) and the Complaint (Dkt. No. 2).  <u>See also</u> <u>Sathianathan v. Smith Barney, Inc.</u>, No. 04 Civ. 7122 (DAB) (FM), 2006 WL 538152, at *13 (S.D.N.Y. Feb. 24, 2006), <u>report and recommendation adopted as modified</u>, 2007 WL 576097 (S.D.N.Y. Feb. 21, 2007) ("[P]ro se pleadings may be read together to determine whether a plaintiff conceivably could be entitled to relief.").

[2] All references to page numbers in this Order are as reflected in this District's Electronic Case Filing system.

in the security industry." (Id. ¶ 18)  Pursuant to this approach, Plaintiff had "discretion" on how to deploy the security officers under his supervision, and the no-pattern "security protocol" resulted in Plaintiff having "substantial downtime" in the breakroom.  (Cmplt. (Dkt. No. 2) at 5)

During the time he worked at VSS, Plaintiff had no "disciplinary write ups, verbal warnings or poor performance reviews." (Am. Cmplt. (Dkt. No. 5) ¶ 15)  Plaintiff claims that he was therefore "qualified for [the] position" of Security Shift Supervisor.  (Id. ¶ 16)

Plaintiff further alleges that, during the time Plaintiff worked at VSS, Inron "repeatedly" commented that Inron was 36 years old, was "almost 40," and was "getting old," and that the workforce was "dominated by 20-29 year old individuals." (Id. ¶ 43)

On April 17, 2014, Plaintiff arrived at work at his scheduled time of 11:00 a.m. He proceeded to the breakroom, with the intention of proceeding onto the sales floor at noon. (Id. ¶¶ 22-23)  At about 11:50 a.m., Inron entered the breakroom with the store manager and assistant store manager "to use the vending machines." (Id. ¶ 24)  Inron and Plaintiff "made eye contact," but Inron did not suggest that Plaintiff "was engaged in any misconduct." (Id. ¶ 25) Inron also did not "advise [P]laintiff that the owner of Victoria's Secret and his executive team [were] upstairs doing their annual visit," even though Plaintiff was a "team member in leadership and security." (Id. ¶¶ 25-26)  After about five minutes, Inron and the managers left the breakroom.  At about 11:57 a.m., Plaintiff proceeded onto the sales floor to relieve another security officer who was scheduled for a meal break.  (Id. ¶¶ 27-28)

Once on the sales floor, Plaintiff was "ambushed loudly [and] in an unprofessional manner" by Inron in front of the store manager, the assistant store manager, the owner of Victoria's Secret and his management team, and customers who were entering and exiting the store.  (Id. ¶¶ 29-30)  Inron accused Plaintiff of "hanging out in the breakroom," but

3

he "never inquired [as to] the reason why [Plaintiff] was in the breakroom." (Id. ¶¶ 29, 31)  The store manager intervened to say that the matter should be discussed later.  (Id. ¶ 33)

    At some point in the next few hours, Inron allegedly contacted Elite and "informed [Elite that] he did not want [P]laintiff back and/or this will be [P]laintiff's last day at Victoria's Secret."  (Id. ¶ 36)  Plaintiff learned of his "dismissal" when he called the Elite dispatcher several hours later about an unrelated matter.  (Id. ¶¶ 39-40)  Plaintiff told Elite that he was "leaving [the store] immediately" because he felt humiliated.  (Id. ¶ 41)  Plaintiff complains that he was never given an opportunity to tell his "side of the story" to VSS.  (Id. ¶¶ 34, 37)  Plaintiff further complains that Inron "was never disciplined" for his conduct and that Plaintiff was "singled out."  (Id. ¶ 45)

    According to Plaintiff, Inron used his presence in the breakroom "as an opportunity to [dismiss] [P]laintiff because he was over 40 years old."  (Id. ¶ 43)  Plaintiff further alleges that VSS's decision to "terminate" him was contrary to its "internal company policy, standards and disciplinary rubric."  (Id. ¶ 38)  Plaintiff also alleges, "[u]pon information and belief, . . . [that] [P]laintiff was eventually replaced by someone under the age of 40."  (Id. ¶ 42)

    On or about October 14, 2014, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that VSS had discriminated against him on the basis of his race and age.  The EEOC made no findings concerning Plaintiff's discrimination complaint, but issued a "right-to-sue" letter to Plaintiff on March 19, 2015. (Cmplt. (Dkt. No. 2) at 5-7)

## II.   PROCEDURAL HISTORY

The Complaint was filed on June 17, 2015.  (Cmplt. (Dkt. No. 2))  On August 25, 2015, then-Chief Judge Preska issued an order directing Plaintiff to file an amended complaint within 60 days, because "Plaintiff's allegations are insufficient to state plausible federal employment discrimination claims."  (Aug. 25, 2015 Order (Dkt. No. 4) at 4-5)  Judge Preska's order instructed Plaintiff to disclose his race – about which the Complaint pleaded nothing – and to "provide[] facts from which an inference can be made that he was discriminated against because of his race and age."  (Id. at 4)

On October 5, 2015, Plaintiff filed the Amended Complaint, asserting the following claims against VSS in its capacity as his alleged "joint employer":  (1) race discrimination in violation of Title VII; (2) age discrimination in violation of the ADEA; (3) age discrimination in violation of Section 1981; (4) age discrimination in violation of the NYSHRL; and (5) age discrimination in violation of the NYCHRL.  (See Am. Cmplt. (Dkt. No. 5) ¶¶ 48-75)  On April 4, 2016, Defendant moved to dismiss the Amended Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to plead facts sufficient to permit a plausible inference of race or age discrimination.  In the alternative, Defendant moved for summary judgment, pursuant to Fed. R. Civ. P. 56, on the ground that Plaintiff was an independent contractor and not an employee of VSS, and therefore is "not entitled to the protection of [the cited civil rights] statutes."  (Notice of Motion (Dkt. No. 15); Def. Moving Br. (Dkt. No. 16) at 5)

On October 20, 2016, this Court referred the motion to Magistrate Judge Cott for an R & R.  (Dkt. No. 33)  On January 27, 2017, Judge Cott issued an R & R recommending that this Court grant Defendant's motion to dismiss the Amended Complaint, on the ground that – even assuming VSS was Plaintiff's employer – Plaintiff "has not pleaded facts from which one

can plausibly infer age or race discrimination."[3]  (R & R (Dkt. No. 34) at 8)  Judge Cott further

recommended that Plaintiff not be given leave to amend, because "any further attempt [to

amend] would be futile."  (Id. at 28)

Judge Cott's R & R gave notice that any objections were to be filed within

fourteen days from service of the R & R, and that the "failure to file objections within fourteen

(14) days will result in a waiver of objections and will preclude appellate review."  (Id. at 29)

(emphasis omitted)  Plaintiff was granted an extension to March 8, 2017, to file objections (Dkt.

No. 36), and he filed his objections on that day.  (Dkt. No. 37)  Defendant filed a response to

Plaintiff's objections on March 22, 2017.  (Dkt. No. 38)

## DISCUSSION

### I.   LEGAL STANDARD

#### A.   Review of Magistrate Judge's Report and Recommendation

In evaluating a magistrate judge's R & R, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1).  Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), a party may submit

objections to the magistrate judge's R & R.  Any objections must be "specific" and "written,"

and must be made "[w]ithin 14 days after being served with a copy of the recommended

disposition."  Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1).

Where, as here, a party submits timely objections to an R & R, "[the district

judge] shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); see also Fed.

---

[3] Judge Cott concluded that "genuine disputes of fact [exist] as to whether VSS was [Plaintiff's]
employer."  (Id. at 7-8, 15)

R. Civ. P. 72(b)(3).  "[O]bjections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal'" in order to invoke de novo review.  See McDonough v. Astrue, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  "[Where] a 'party makes only conclusory or general objections, or simply reiterates the original arguments,' the court reviews the R & R strictly for clear error."  Covington v. Five Points Corr. Facility, No. 11 Civ. 8761 (AT) (FM), 2016 WL 3407845, at *1 (S.D.N.Y. June 16, 2016) (quoting Rivera v. Colvin, No. 11 Civ. 7469, 2014 WL 3732317, at *1 (S.D.N.Y. July 28, 2014)).  A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

The objections of parties proceeding pro se "'are generally accorded leniency,'" Milano v. Astrue, No. 05 Civ. 6527 (KMW) (DCF), 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008) (quoting Dixon v. Ragland, No. 03 Civ. 826 (LTS) (KNF), 2007 WL 4116488, at *1 (S.D.N.Y. Nov. 16, 2007)), and "construe[d] . . . to 'raise the strongest arguments that they suggest.'" Id. (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).

**B.**   **Motion to Dismiss Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)),

and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 545).

"Although a court in deciding a Rule 12(b)(6) motion is generally limited to considering the facts alleged in the complaint, a district court may also consider documents appended to the complaint, documents incorporated by reference, and matters of which judicial notice may be taken." Johnson v. Cnty. of Nassau, 411 F. Supp. 2d 171, 178 (E.D.N.Y. 2006) (citing Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991)). "In addition, a court may also consider documents outside the pleadings if they are 'integral' to the complaint and upon which the complaint relies." Id. at 178 (citing Int'l Audiotext Network, Inc. v. American Tel. and Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995)).

A "pro se complaint . . . [is] interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (citing Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)); see Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly. . . .'" (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000))). "However, although pro se filings are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'"

8

Wilder v. United States Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016)

(internal citations omitted).  Moreover, "the court need not accept as true 'conclusions of law or

unwarranted deductions of fact.'"  Whitfield v. O'Connell, No. 09 Civ. 1925 (WHP), 2010 WL

1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp.,

27 F.3d 763, 771 (2d Cir. 1994)); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009)

("[T]hreadbare recitals of a cause of action, supported by mere conclusory statements, do not

suffice [to establish entitlement to relief].").

## II.     PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE
##          JUDGE'S REPORT AND RECOMMENDATION

Plaintiff raises six objections to Judge Cott's R & R:

(1) that the R & R "deviates" from the "policy of liberally construing pro se
submissions" (Pltf. Objections (Dkt. No. 37) at 4);

(2) that, in recommending dismissal of the Amended Complaint, the R & R
"[m]itigates [the] Court[']s protection," because "this court has [already]
prescreened the amended complaint" (id. at 4-5);

(3) that the R & R overlooks the Fair Labor Standards Act and corresponding
case law, which show that VSS "qualifies as [Plaintiff's] employer as a Matter
of Law" (id. at 5-7);

(4) that the R & R overlooks administrative interpretations of the Fair Labor
Standards Act, which show that Plaintiff "is deemed an hourly paid employee
[of VSS]" (id. at 7-11);

(5) that the R & R applies "[o]utdated" pleading requirements in its assessment of
Plaintiff's discrimination claims (id. at 12-13); and

(6) that the R & R deprives Plaintiff of "a full and fair opportunity . . . to perfect
his complaint by gathering evidence in support of [his right] 'to be heard'" (id.
at 13-14).

### A.     Objections Concerning the Procedural Fairness of the R & R

Plaintiff's Objections 1, 2, and 6 are "conclusory or general" and do not justify de

novo review by this Court.  Stated another way, these objections are not "specific and [are not]

clearly aimed at particular findings in the magistrate judge's proposal." See McDonaugh, 672 F. Supp. 2d at 547.

Even if de novo review were appropriate, such a review would conclude that there is no merit to these objections. For example, the mere fact that the Chief Judge pre-screened the amended complaint does not in any way suggest that the amended complaint can survive a Rule 12(b)(6) motion to dismiss. Moreover, Judge Cott explicitly recognizes the obligation to construe pro se pleadings liberally (see R & R (Dkt. No. 34) at 16-17), and nothing in his R & R suggests that he did not apply that standard. Objection 6 is equally misguided. Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the case law that has interpreted it, require – as discussed above – that a Plaintiff plead sufficient facts to make out a plausible claim. Plaintiff has no right to submit a deficient amended complaint in the hope that discovery will reveal facts that would permit him to plead an adequate amended complaint. Objections 1, 2, and 6 are overruled.

### B.   Objection Concerning the Pleading Standard Applicable to Employment Discrimination Claims

Citing Littlejohn v. City of New York, 795 F.3d 297 (2d Cir. 2015), Plaintiff contends that Judge Cott employed "[o]utdated" pleading requirements in the R & R. Under Littlejohn, for a complaint to survive a motion to dismiss, Plaintiff must show "(1) that [he] is a member of a protected class, (2) that [he] was qualified for the position [he] sought, (3) that [he] suffered an adverse employment action, and (4) [that he] can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation." Littlejohn, 795 F.3d at 311 (emphasis omitted). Plaintiff contends that the Amended Complaint satisfies all four elements. (Pltf. Objections (Dkt. No. 37) at 13)

There is no merit to this objection, whatever the standard of review. The R & R explicitly cites Littlejohn and the four-element analysis set forth above, in haec verba, and applies the Littlejohn standard in recommending that Plaintiff's claims be dismissed. (See R & R (Dkt. No. 34) at 17-20, 23-24) Objection 5 is overruled.

### C.   Objections Concerning Plaintiff's Status as an Employee

In Objections 3 and 4, Plaintiff argues that he qualifies as an employee under the Fair Labor Standards Act, and that in the R & R Judge Cott erroneously found that Plaintiff was an independent contractor. (Pltf. Objections (Dkt. No. 37) at 5-11) Judge Cott made no such finding, however. Instead, Judge Cott concluded that "genuine disputes of fact [exist] as to whether VSS was [Plaintiff's] employer." (R & R (Dkt. No. 34) at 7-8, 15) Accordingly, Objections 3 and 4 are overruled.

None of Plaintiff's objections to the R & R have any merit. This Court has nonetheless reviewed the R & R for clear error. See Covington, 2016 WL 3407845, at *1.

## III.   MOTION TO DISMISS

The Amended Complaint asserts claims for race discrimination in violation of Title VII, and age discrimination in violation of the ADEA, the NYSHRL, the NYCHRL and Section 1981. Judge Cott's well-reasoned R & R concludes that – assuming arguendo Plaintiff is an employee of VSS – he has not pled facts sufficient to permit a plausible inference of race or age discrimination on the part of VSS. (R & R (Dkt. No. 34) at 15, 17-25)

### A.   Title VII Claim

The Amended Complaint alleges that Defendant "den[ied] him equal terms and conditions [of employment] and unlawfully den[ied] him his protected rights to be free from race discrimination," in violation of Title VII. (Am. Cmplt. (Dkt. No. 5) ¶¶ 48-55) Judge Cott

11

recommends dismissal of Plaintiff's Title VII claim because Plaintiff has "failed 'to plausibly allege that any actions VSS took toward him were motivated by his . . . race.'" (R & R (Dkt. No. 34) at 18 (quoting Def. Moving Br. (Dkt. No. 16) at 11))

## 1.   **Applicable Law**

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an individual on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).  Under Littlejohn v. City of New York, a Title VII claim will survive a motion to dismiss where a plaintiff

> makes a showing (1) that [he] is a member of a protected class, (2) that [he] was qualified for the position [he] sought, (3) that [he] suffered an adverse employment action, and (4) [that he] can sustain a minimal burden of showing facts suggesting an inference of discriminatory motivation. . . .

Littlejohn, 795 F.3d at 311 (emphasis in original).

"[A]n inference of discrimination can arise from circumstances including, but not limited to,

> "the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge."

Id. at 312 (quoting Leibowitz v. Cornell Univ., 584 F.3d 487, 502 (2d Cir. 2009)).

## 2.   **Analysis**

Defendant contends that Plaintiff has not satisfied the fourth element of his Title VII claim, arguing that Plaintiff "has failed to plead facts from which one can infer that the [alleged] events . . . ensued as a result of his race." (Def. Moving Br. (Dkt. No. 16) at 16)

As Judge Cott correctly observes, the Amended Complaint "mentions race only three times:  when [Plaintiff] describes himself as African[-]American, when [Plaintiff] describes

12

Inron as Middle Eastern, and in his claim that VSS violated his right 'to be free from racial discrimination.'"  (R & R (Dkt. No. 34) at 18-19 (citing Am. Cmplt. (Dkt. No. 5) ¶¶ 9, 10, 53)) Plaintiff does not allege the use of any "ethnically degrading" language, nor does he claim that anyone made "invidious comments" about Plaintiff or other African-American employees.  See Littlejohn, 795 F.3d at 312.

Although Plaintiff alleges that he "was the only individual in leadership [at the VSS store] who had no adequate office space or cubicle" and that, despite his purported "leadership role," he was not given notice of the annual visit by VSS's owner and executive team (Am. Cmplt. (Dkt. No. 5) ¶¶ 13, 26), Judge Cott concludes that these allegations are insufficient to give rise to an inference of race discrimination based on "disparate treatment." (R & R (Dkt. No. 34) at 19)  "Raising such an inference . . . requires [Plaintiff] to show that the employer treated him . . . 'less favorably than a similarly situated employee' outside of the protected group." Raspardo v. Carlone, 770 F.3d 97, 126 (2d Cir. 2014) (quoting Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)).  "[P]laintiff . . . 'must show that [he] was similarly situated in all material respects to the individuals with whom [he] seeks to compare [himself].'" Mandell v. Cnty. of Suffolk, 316 F.3d 368, 379 (2d Cir. 2003) (quoting Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)).

Here, because Plaintiff "does not describe how he was treated in relation to others based on race," Judge Cott concludes that the Amended Complaint does not establish an inference of discriminatory motivation on the basis of disparate treatment.  (R & R (Dkt. No. 34) at 20)  The Court finds no clear error in this determination.  Accordingly, Plaintiff's Title VII claim will be dismissed.

**B.**     **ADEA and NYSHRL Claims**

The Amended Complaint also asserts claims of age discrimination under the

ADEA and NYSHRL.  (Am. Cmplt. (Dkt. No. 5) ¶¶ 56-63, 68-71)  Plaintiff alleges that

Defendant "den[ied] him equal terms and conditions" of employment on the basis of his age, and

"replaced [him with] a younger individual outside of [the] protected class" following his

dismissal from VSS.  (Id. ¶¶ 60-61)

**1.**     **Applicable Law**

The ADEA provides that "[i]t shall be unlawful for an employer to fail or refuse

to hire or to discharge any individual or otherwise discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of an

individual's age." 29 U.S.C. § 623(a)(1).  "Similar to Title VII claims, a plaintiff need only meet

a 'minimal' pleading standard for an age discrimination claim brought under the ADEA."

Franchino v. Roman Catholic Archdiocese of N.Y., No. 15 Civ. 6299 (VB), 2016 WL 3360525,

at *5 (S.D.N.Y. June 15, 2016) (citing Johnson v. Andy Frain Servs., Inc., 638 F. App'x 68, 70

(2d Cir. 2016)).  "To state a claim pursuant to the ADEA[, however,] a plaintiff must allege that

age was the 'but for' cause of the employer's adverse action, and not merely that it was a

motivating factor." Szewczyk v. City of New York, No. 15 Civ. 918 (MKB), 2016 WL

3920216, at *8 (E.D.N.Y. July 14, 2016) (citing Vega v. Hempstead Union Free Sch. Dist., 801

F.3d 72, 86 (2d Cir. 2015)).

"Claims of age-based discrimination under the NYSHRL are analyzed under the

same standard as discrimination claims under the ADEA." Szewczyk, 2016 WL 3920216, at *9

(citing Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist., 374 F.3d 66, 71 n.2

(2d Cir. 2004) ("Since the [NYSHRL] mirrors the requirements of the ADEA, violation of one necessarily implies violation of the other.")).

### 2.   Analysis

In the Amended Complaint, Plaintiff alleges that Inron – VSS's Loss Prevention Manager – "repeatedly" stated that Inron was 36, was "almost 40," and was "getting old," and that the workforce was "dominated by 20-29 year old individuals." (Am. Cmplt. (Dkt. No. 5) ¶ 43)  Plaintiff further alleges that Inron used Plaintiff's presence in the breakroom on April 17, 2014, "as an opportunity to reject [P]laintiff because he was over 40 years old." (Id. ¶ 43) Plaintiff further pleads, "[u]pon information and belief," that after Plaintiff's dismissal Defendant "eventually replaced [Plaintiff with] someone under the age of 40." (Id. ¶¶ 42, 44) Judge Cott concludes that these allegations "do not plausibly support even a minimal inference of discriminatory motive," and he recommends dismissal of the ADEA and NYSHRL claims.  (R & R (Dkt. No. 34) at 23-24)

As to Inron's alleged age-related statements, Judge Cott found that the statements "are fairly characterized as 'stray remarks'" and do not raise an inference of discriminatory motivation.  (R & R (Dkt. No. 34) at 21-22)  "'[V]erbal comments constitute evidence of discriminatory motivation when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and a defendant's decision to discharge the plaintiff.'" Moore v. Verizon, No. 13 Civ. 6467 (RJS), 2016 WL 825001, at *8 (S.D.N.Y. Feb. 5, 2016). However, where the comments at issue "lack a causal nexus to the termination decision[, they] qualify only as stray remarks." Woodard v. TWC Media Sols., Inc., No. 09 Civ. 3000 (BSJ) (AJP), 2011 WL 70386, at *7 (S.D.N.Y. Jan. 4, 2011).

> In determining whether a comment should be considered a stray remark, courts consider who made the remark, when the remark was made in relation to the

> termination, the content of the remark, and the context in which the remark was
> made. Remarks are especially likely to be considered "stray" when made by a
> decision maker unrelated to the decision-making process temporally remote from
> the date of decision.

Id. Here, as Judge Cott explains, Plaintiff alleges that Inron's comments were made about Inron himself. These comments were not directed at Plaintiff. Moreover, the Amended Complaint provides no information concerning the context in which the remarks were made, or whether they were made in proximity to Plaintiff's dismissal from VSS. (R & R (Dkt. No. 34) at 22) The Court concludes that Plaintiff has not pled facts sufficient to demonstrate a causal nexus between the comments and his termination. See Moore, 2016 WL 825001, at *8-9 (supervisor's comments regarding plaintiff's age, such as "why don't you retire," and insults about hearing loss, were "non-actionable stray remarks," because the remarks were made "at least months" before the first adverse action and were "not alleged to have arisen in a context at all related to the decision to suspend and later terminate" plaintiff).

As to Plaintiff's allegation that, "[u]pon information and belief, [he] was eventually replaced by someone under the age of 40" (Am. Cmplt. (Dkt. No. 5) ¶ 42), Judge Cott found this allegation "conclusory" and "insufficient to create an inference of discriminatory intent." (R & R (Dkt. No. 34) at 22-23) "Although [Plaintiff] alleges that [he] was replaced with a younger employee, this, without more, is not enough to survive a motion to dismiss." Liburd v. Bronx Lebanon Hosp. Ctr., No. 07 Civ. 11316 (HB), 2008 WL 3861352, at *6 (S.D.N.Y. Aug. 19, 2008); see also Marcus v. Leviton Mfg. Co., No. 15 Civ. 656 (SJF) (GRB), 2016 WL 74415, at *3 (E.D.N.Y. Jan. 6, 2016) (dismissing allegation of age discrimination claim as "speculative" where plaintiff alleged "'[u]pon information and belief,' [that] he was replaced by a younger employee" but failed to provide any further information), aff'd, 661 F. App'x 29 (2d Cir. 2016); Zucker v. Five Towns Coll., No. 09 Civ 4884 (JS) (AKT), 2010 WL 3310698, at *2 (E.D.N.Y.

Aug. 18, 2010) ("[A]llegations concerning [plaintiff's] satisfactory work performance, termination, and much younger replacement do not – by themselves – suffice to plead an age discrimination claim."). "Such conclusory assertions 'without supporting factual allegations, . . . are not entitled to a presumption of truth." Wang v. Palmisano, 157 F. Supp. 3d 306, 340 (S.D.N.Y. 2016).

Accordingly, this Court finds no clear error in Judge Cott's recommendation. Plaintiff's ADEA and NYSHRL claims will be dismissed.

## C.   **NYCHRL Claim**

The Amended Complaint also asserts a claim of age discrimination under the NYCHRL. (Am. Cmplt. (Dkt. No. 5) ¶¶ 72-75) "'[C]ourts must analyze NYCHRL claims separately and independently from any federal and state law claims, construing the NYCHRL's provisions broadly in favor of discrimination plaintiffs.'" Carter v. Verizon, No. 13 Civ. 7579 (KPF), 2015 WL 247344, at *4 (S.D.N.Y. Jan. 20, 2015) (quoting Mihalik v. Credit Agricole Cheuveux N. Am., Inc., 715 F.3d 102, 108 (2d Cir. 2013)). "[T]o state a claim for discrimination under the NYCHRL, a plaintiff must only show differential treatment of any degree based on a discriminatory motive; 'the NYCHRL does not require either materially adverse employment actions or severe and pervasive conduct.'" Id. at *5 (quoting Gorokhovsky v. N.Y.C. Hous. Auth., 552 F. App'x 100, 101-02 (2d Cir. 2014)).

As Judge Cott explained, however, "'even under [the] NYCHRL's more liberal standard," [Plaintiff] must 'plead facts giving rise to an inference that [Plaintiff's] termination was motivated by [age] discrimination.'" (R & R (Dkt. No. 34) at 25 (quoting Moore, 2016 WL 825001, at *7)) As discussed above, however, Plaintiff's allegations of age discrimination are conclusory and lack supporting facts sufficient to raise an inference of a discriminatory motive.

The Court finds no clear error in Judge Cott's recommendation that Plaintiff's NYCHRL claim should be dismissed.

> ### D.      Section 1981 Claim

> The Amended Complaint alleges that Defendant "den[ied] [Plaintiff] equal terms and conditions [of employment] and unlawfully den[ied] him his protected rights to be free from age discrimination," in violation of 42 U.S.C. § 1981.  (Am. Cmplt. (Dkt. No. 5) ¶¶ 64-67)  Judge Cott recommends dismissal of this claim because "'Section 1981 solely prohibits discrimination on the basis of race and does not apply to gender, religion, national origin, or age discrimination.'"  (R & R (Dkt. No. 34) at 25-26 (quoting Mazurkiewicz v. N.Y.C. Health & Hosps. Corp., No. 09 Civ. 5962 (WHP), 2010 WL 3958852, at *4 (S.D.N.Y. Sept. 16, 2016))

> Section 1981 guarantees that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens. . . ."  42 U.S.C. § 1981.  "Although the statute never uses the word 'race,' the Supreme Court has construed it as forbidding 'racial' discrimination in public or private employment."  Vill. of Freeport v. Barrella, 814 F.3d 594, 604 (2d Cir. 2016) (citing Saint Francis Coll. v. Al-Khazraji, 481 U.S. 604, 609 (1987)).  "It is . . . settled that Section 1981 does not prohibit discrimination on the basis of gender[,] . . . religion, national origin, or age." Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998) (internal citations omitted).  Accordingly, there is no clear error in Judge Cott's determination that Plaintiff's Section 1981 claim should be dismissed.

## IV.      LEAVE TO AMEND

> Judge Cott recommends that Plaintiff "should not be granted leave to further amend."  (R & R (Dkt. No. 34) at 28)  The Second Circuit has cautioned that district courts

18

"should not dismiss [a <u>pro se</u> complaint] without granting leave to amend at least once when a

liberal reading of the complaint gives any indication that a valid claim might be stated." <u>Cuoco</u>

<u>v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000). "'Where it appears that granting leave to amend

is unlikely to be productive, however, it is not an abuse of discretion to deny leave to amend.'"

<u>Lucente v. Int'l Bus. Machs. Corp.</u>, 310 F.3d 243, 258 (2d Cir. 2002) (quoting <u>Ruffolo v.</u>

<u>Oppenheimer & Co.</u>, 987 F.2d 129, 131 (2d Cir. 1993)). "One appropriate basis for denying

leave to amend is that the proposed amendment is futile. An amendment to a pleading is futile if

the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."

<u>Id.</u> (internal citations omitted).

   Here, Chief Judge Preska – after pre-screening Plaintiff's initial complaint –

issued an order directing him to submit an amended complaint. (Dkt. No. 4) In that order, Judge

Preska explained at length the standard for pleading a proper complaint under Rule 8 of the

Federal Rules of Civil Procedure, highlighting the requirement – in this case – that Plaintiff plead

facts demonstrating that he was discriminated against based on his race and age:

> Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain "a short
> and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.
> Civ. P. 8(a). The Supreme Court has held that this rule requires a plaintiff to provide
> some details about what each defendant did or failed to do. <u>See Ashcroft v. Iqbal</u>, 556
> U.S. 662, 678 (2009) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007)). It is not
> enough for a complaint to state that the defendant unlawfully harmed the plaintiff. <u>Id.</u>
> (citing <u>Twombly</u>, 550 U.S. at 555). Instead, a complaint must contain "enough facts to
> state a claim to relief that is plausible on its face," <u>Twombly</u>, 550 U.S. at 570, such that a
> court could "draw the reasonable inference that the defendant is liable for the misconduct
> alleged," <u>Iqbal</u>, 556 U.S. at 678. This standard, commonly referred to as the "plausibility
> standard," is guided by two principles. First, while district courts must accept as true all
> factual allegations contained in a complaint, conclusory statements or "[t]hreadbare
> recitals of the elements of a cause of action . . . do not suffice." <u>Id.</u> Second, when
> deciding what is plausible, a district court must consider the context and "draw on its
> judicial experience and common sense." <u>Id.</u> at 679. This plausibility standard applies to
> all complaints, <u>see id.</u> at 684, including employment discrimination complaints, <u>see</u>
> <u>Littlejohn v. City of New York</u>, No. 14-1395-cv, 2015 WL 4604250, at *7, *8 (2d Cir.
> Aug. 3, 2015) ("[A]bsent direct evidence of discrimination, what must be plausibly

supported by facts alleged in the complaint is that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent.").

Plaintiff's allegations are insufficient to state plausible federal employment discrimination claims. Plaintiff does not allege any facts that suggest that he was discriminated against because of his race and age. Plaintiff is therefore directed to submit an amended complaint in which he provides facts from which an inference can be made that he was discriminated against because of his race and age. Plaintiff must also disclose his race.

(Aug. 25, 2015 Order (Dkt. No. 4) at 3-4)

In recommending that Plaintiff not be granted further leave to amend, Judge Cott explains that he has reviewed the original complaint, Plaintiff's opposition brief, and "[Plaintiff's] complaint to the EEOC, which was attached to his original complaint (in the form of a letter), to assess whether [these documents] include[] any additional facts beyond what [Plaintiff] has pled [in the Amended Complaint] and [they] do not." (R & R (Dkt. No. 34) at 26-27) Judge Cott concludes that Plaintiff "has essentially repeated the same core facts each time, which simply do not amount to actionable discrimination." (Id. at 27) Where a pro se Plaintiff "has already had one chance to amend his Complaint, and there is still no indication that a valid claim might be stated if given a second chance," leave to amend may be denied. Al-Qadaffi v. Servs. for the Underserved (SUS), No. 13 Civ. 8193 (WHP), 2015 WL 585801, at *8 (S.D.N.Y. Jan. 30, 2015) (denying further leave to amend as futile); see also Best v. City of New York, No. 12 Civ. 7874 (RJS) (SN), 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014) (denying leave to amend where plaintiff already given two opportunities, because "the Court can only afford [plaintiff] so many bites at the apple").

This Court agrees with Judge Cott's recommendation that leave to amend should be denied. Judge Preska explained to Plaintiff in August 2015 in detail, and in terms that a pro se plaintiff could readily understand, what must be pled in a complaint claiming employment

discrimination.  Plaintiff then submitted an Amended Complaint that pleads almost no facts on which a race or age discrimination claim could be premised.  Given these circumstances, there is no reason to believe that giving Plaintiff another opportunity to amend would be anything other than futile.

### CONCLUSION

For the reasons stated above, this Court adopts Judge Cott's Report & Recommendation in its entirety, and Defendant's motion to dismiss is granted.  The Clerk of the Court is directed to terminate the motion (Dkt. No. 15) and to close this case.  The Clerk is further directed to mail a copy of this Order to pro se Plaintiff by certified mail.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: New York, New York
       March 2 8, 2017

SO ORDERED.

Paul G. Gardephe
United States District Judge